**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW JOSEPH MADI,<br><br>                    Petitioner,<br><br>        v.<br><br>WARDEN, USP-ATWATER,<br><br>                    Respondent. | Case No. 1:24-cv-00925 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 10, 12) |

      Andrew Joseph Madi is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the Bureau of Prisons wrongfully denied Petitioner's eligibility for First Step Earned Time Credits. (Doc. 1.) Respondent moved to dismiss the petition, asserting that "BOP records indicate Petitioner — contrary to his claim that he is barred FSA ETC earning and award due to his offense of conviction — is eligible to earn and to apply ETCs." (Doc. 10 at 2.)

      The magistrate judge found the exhibits submitted by Respondent show that "upon receipt of the petition, BOP Agency Counsel reviewed Petitioner's records and determined that Petitioner should in fact be deemed eligible to earn FSA credits." (Doc. 12 at 10-1 at 3.) The exhibits also establish "the records were corrected as of October 10, 2024, to reflect Petitioner is FSA eligible and has earned 365 days of FSA credits with a new projected release date of April 5, 2031." (*Id.* at 2.) The magistrate judge found that because Petitioner was granted the relief requested, "the

underlying matter is moot." (*Id.*)  Therefore, the magistrate judge recommended the Court grant Respondent's motion to dismiss.  (*Id.* at 3.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 21 days. (Doc. 12 at 3.) The Court advised the parties that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Petitioner nor Respondent filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on December 13, 2024, (Doc. 12), are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 10), is **GRANTED**.
3. The petition for writ of habeas corpus is **DISMISSED** with prejudice.
4. The Clerk of Court is directed to enter judgment and close the case.
5. In the event a notice of appeal is filed, no certificate of appealability is required.[1]

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **January 16, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] A certificate of appealability will not be required because this is an order addressing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).